930 So.2d 156 (2006)
Kim D. RICHARD
v.
Nelson Clay RICHARD, Jr.
No. 2005-CA-0798.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 2006.
*158 Ermence DeBose-Parent, The Law Offices of Ermence Debose-Parent, Houston, TX, Counsel for Plaintiff/Appellee.
Theon A. Wilson, Law Offices of Theon A. Wilson, New Orleans, Counsel for Defendant/Appellant.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
PATRICIA RIVET MURRAY, Judge.
Nelson Richard appeals the trial court's judgment awarding permanent child support, final periodic spousal support, attorney fees and court costs to his former wife, Kim Richard. For the reasons that follow, we affirm in part and reverse in part.

FACTS AND PROCEEDINGS BELOW
The parties were married on May 20, 1993. They physically separated in November, 2001. Kim Richard was awarded temporary custody of the couple's two children (then ages eight and five), and Nelson Richard was ordered to pay Kim interim child support in the amount of $400.00 per month and interim spousal support in the amount of $500.00 per month, commencing on June 29, 2002 and ending on February 29, 2004. The parties were divorced April 20, 2004. Approximately one month prior to the granting of their divorce, Kim filed a motion for permanent child support and permanent spousal support.
The motion was heard by the trial court on March 3, 2005. At the conclusion of the hearing, the trial court rendered a decision and gave reasons from the bench. On March 14, 2005, the trial court issued a written judgment awarding Kim Richard permanent child support of $717.00 per month, final periodic spousal support of $800.00 per month from the date of judicial demand until May 31, 2005, attorney fees of $1,250.00, and all court costs. The trial court also rendered written reasons for judgment.

DISCUSSION
Nelson Richard appeals the judgment citing numerous specific assignments of error, which we address below. In summary, Nelson argues that the trial court awarded an excessive amount of child support that deviates from the statutory guidelines; the trial court awarded an excessive amount of spousal support; and the trial court erred by awarding attorney fees without any legal basis. We examine each issue in turn.

*159 I. Child Support
According to the reasons given orally from the bench, the trial court arrived at the $717.00 monthly award utilizing a monthly income of $2,046.00 for Nelson Richard and a monthly income of $979.00 for Kim Richard, giving the couple a combined income of $3,025.00 for purposes of determining their child support obligation. Using the guidelines set forth in La. R.S. 9:315.19, the court determined the Richards' total monthly support obligation for two children to be $716.00. To that figure, the court added $230.00 listed by Kim Richard as additional educational expenses, arriving at a total monthly support obligation of $946.00. Finally, the court noted that she found Nelson Richard's pro rata share of the support obligation to be 68%, which the court calculated to be $717.00 per month.
In its reasons for judgment, the court stated that it found Nelson Richard to be voluntarily unemployed. Specifically, the court noted that Kim Richard's testimony was very credible, and Nelson's testimony that he was not working at all at the time of trial was not credible. The court stated that it believed the mobile trash disposal business Nelson and Kim had operated during their marriage was still being run by Nelson and other family members on a cash basis at the time of trial, and further that Nelson had hidden his assets by transferring their ownership to his relatives. Nelson submitted no statement of income and expenses. For these reasons, the court determined Nelson's annual income by reference to Kim's testimony and income tax returns indicating that the business had gross annual receipts that increased steadily from $98,000.00 in 1998 to $149,500.00 in 2001, and made a net profit of $19,879.00 in 2001. Based on these facts, the court attributed $20,000.00 annual income, or $1,667.00 per month, to Nelson. To that monthly figure, the court added $579.00 that Nelson receives in Social Security benefits, and subtracted $200.00 Nelson pays for support of his child from a prior marriage, thus arriving at the $2,046.00 figure the court used as Nelson's monthly income for purposes of determining his child support obligation.
Nelson Richard alleges four assignments or error relating to the trial court's child support award, namely:
(1) The trial court erred by including Supplemental Security Income when calculating each party's gross income for the purpose of determining child support under the Guidelines.
(2) The trial court erred by failing to find that Kim Richard was voluntarily unemployed.
(3) The trial court erred by adding $230.00 in educational expenses to the statutory child support obligation.
(4) The trial court mathematically miscalculated Nelson Richard's pro-rata share of the child support obligation.
The statutory guidelines for determining child support are set forth in La. R.S. 9:315 through 9:315.19. According to La. R.S. 9:315.1(A), there is a rebuttable presumption that the amount obtained by using the guidelines is the proper amount. While a court may deviate from the guidelines if the amount indicated therein is not in the best interest of the child or is inequitable to the parties, the court must give reasons for the deviation, stating what amount the guidelines would show and why a different amount is warranted. La. R.S. 9:315.1(B). Deviations from the guidelines are not to be disturbed by an appellate court absent manifest error. La. R.S. 9:315.17.
According to La. R.S. 9:315.11, if the court finds one of the parents to be voluntarily unemployed or underemployed, *160 the court must determine that party's income earning potential and use that figure to determine the child support obligation under the guidelines. In the instant case, the trial court found Nelson Richard to be voluntarily unemployed and therefore determined, using the most recent net profits from his former business, that his income earning potential was $20,000.00 annually. These factual findings have not been specifically assigned as errors on appeal, although the appellant generally argues that the child support award is excessive. However, having reviewed the entire record, we conclude that the trial court's determination, based upon the credibility of the parties, that Nelson Richard was voluntarily unemployed, is not manifestly erroneous. Moreover, the method used by the trial court to determine Nelson's income earning potential is authorized by statute [See La. R.S. 9:315(C)(3)(c)], and the amount is supported by the record.
We now turn to the assignments of error with regard to the child support award.

A. Inclusion of Supplemental Security Income
Nelson Richard contends the amount he receives monthly from the Social Security Administration on account of his mental disability, as well as the amount Kim receives on account of their son's learning disability, were improperly included as gross income because these amounts are actually "supplemental security income," which, unlike social security benefits, are specifically excluded from gross income by the child support guidelines.
The definitions section of the child support guidelines, La. R.S. 9:315, provides, in pertinent part:
C. (3) "Gross Income" means:
(a) The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, recurring monetary gifts, annuities, capital gains, social security benefits, workers' compensation benefits, unemployment insurance benefits, disaster unemployment assistance received from the United States Department of Labor, disability insurance benefits, and spousal support received from a preexisting spousal support obligation.
* * * * *
(d) As used herein, "gross income" does not include:
(i) Child support received, or benefits received from public assistance programs, including Family Independence Temporary Assistance Plan, supplemental security income, food stamps, and general assistance.
La. R.S. 9:315 (Emphasis added).
At trial, Nelson Richard responded affirmatively when asked whether it was true, as his counsel had stated in a memorandum filed in support of a rule to show cause concerning the termination of spousal support, that he (Nelson) received $560.00 per month "Social Security Disability." On appeal, he argues that an attachment to that memorandum, contained in the record, proves conclusively that the amount he receives from Social Security is actually "supplemental security income," which should have been excluded from his income under La. R.S. 9:315(C)(3)(d)(i). He correctly points out that supplemental security income is a needs-based, federal cash assistance program under Title XVI of the Social Security Act, 42 U.S.C. § 1381, et. seq., which although administered by the Social Security Administration, is funded by general revenues of the United States rather than by the Social Security trust fund. This fact distinguishes supplemental security *161 income from regular Social Security (retirement or disability) benefits. Appellant also concedes that the $579.00 per month that Kim Richard testified she receives from Social Security as a result of their son's learning disability is also supplemental security income, which the trial court should have excluded from Kim's gross income.
We agree that the trial court erred by including these amounts as income for purposes of determining child support. The record contains Nelson's application for supplemental security income and the official letter stating that in January, 2002, he would begin receiving supplemental security income payments in the amount of $545.00 per month, which amount could change "from month to month if income or living situation changes." We also agree that the amount Kim receives for her son's learning disability must also represent supplemental security income. Although the parties' testimony merely referred to these amounts as being from "Social Security," we cannot ignore the evidence in the record showing that these amounts are actually supplemental security income, which specifically is excluded by statute from gross income for purposes of determining child support. We therefore conclude that adding $579.00 to Nelson's gross income (the court inexplicably referred to this amount as representing Nelson's social security payments, although he testified to $560.00 and the documentary evidence shows $545.00), and also adding $579.00 to Kim's gross income, violated the child support guidelines.

B. Failure to Find Kim Richard to be Voluntarily Unemployed
Appellant next argues that the trial court should have found Kim Richard to be voluntarily unemployed and should have determined her income earning potential to be at least $10,000.00 to $11,000.00 annually, which amount she testified was the most she ever earned as a hairstylist during her marriage to Nelson.
The trial court found Kim's testimony credible that her hairstyling business failed because Nelson cancelled her cell phone, in which she kept the sole record of her clients' phone numbers and which was the only way her clients had of reaching her. The trial court stated that because of Nelson's action, Kim was forced to shut her business down and put her equipment into storage. Kim testified that at the time of trial, she was attending John Jay Beauty College to obtain her instructor's license, and she expected to graduate in May, 2005. Considering this evidence, we find no manifest error in the trial court's failure to find that Kim was voluntarily unemployed.
However, Kim testified that since her separation from Nelson, she was still able to earn $45.00 to $50.00 per week cutting and styling hair at home. We therefore find it manifest error for the trial court not to have included this amount in Kim's income. We also find it was legal error for the trial court to include the $400.00 Kim was receiving from Nelson as interim child support in her gross income, as La. R.S. 9:315(C)(3)(d)(i) specifically excludes "child support received" from the calculation of income.
Accordingly, we find Kim Richard's adjusted gross income under the child support guidelines to be $200.00 per month (the amount she earned doing hair at home, excluding her son's supplemental security income and the child support). We further find Nelson Richard's adjusted gross income to be $1,467.00 per month ($1,667.00 monthly income earning potential minus $200.00 paid in support of a child from outside this marriage). Therefore, *162 the parties' combined adjusted gross income is $1,667.00 per month, which triggers a total child support obligation for two children of approximately $455.00 per month. See La. R.S. 9:315.19. We thus find $455.00, rather than $716.00 as found by the trial court, to be the parties' basic child support obligation, from which each party's pro-rata share must be determined.

C. Addition of Educational Expenses to the Child Support Obligation
Appellant claims the trial court erred by adding $230.00 per month to the total child support obligation. According to the trial court, this figure was obtained from Kim Richard's "Statement of Income and Expenses," in which she listed monthly "Educational Expenses" of $50.00 for "School," $40.00 for "Lunch," $75.00 for "Books," and $65.00 for "Etc." However, the child support guidelines clearly authorize the court to add educational expenses (including tuition, registration, books, and other fees) to the basic child support obligation only if the child attends a private or special school. See La. R.S. 9:315.6. In the instant case, there is no evidence that either child attends a private or special school. Kim Richard argues that the trial court intended the additional amount to cover tutoring for her son that she can no longer afford since her divorce. However, there is no indication that the court intended this amount to represent tutoring; moreover, unless the Richards' child attends a private or special school, no additional educational expenses are authorized under the guidelines. We therefore find the trial court committed legal error by adding $230.00 in educational expenses to the basic child support obligation.

D. Miscalculation of Nelson Richard's Share of the Child Support
By this assignment of error, appellant argues the trial court made a mathematical error in calculating the amount that represented Nelson Richard's percentage of the basic child support obligation. In view of our conclusion herein that the trial court erred in determining the parties' adjusted gross incomes and their resulting child support obligation, this assignment of error is moot.
Based upon our finding that Nelson Richard's adjusted gross income under the child support guidelines is $1,467.00 per month, and Kim Richard's adjusted gross income is $200.00 per month, we calculate Nelson Richard's pro rata share of the basic child support obligation to be 88%. See La. R.S. 9:315.2. Applying this percentage to the parties' basic child support obligation, which we find to be $455.00 per month, we conclude that Nelson Richard is obligated to pay to Kim Richard, the custodial parent, $400.00 per month in child support. We therefore reduce the trial court's award of $717.00 per month to $400.00 per month.

II. Spousal Support
Appellant next argues that the $800.00 monthly spousal support awarded to Kim Richard is excessive, raising four specific assignments of error:
(1) Kim Richard failed to prove that she is unable to support herself through employment.
(2) The trial court erred by including expenses related to Kim Richard's children in calculating her needs.
(3) The trial court erred by including the expense incurred by Kim Richard to store her business equipment in calculating her needs.
(4) The award of final periodic spousal support exceeds one third of Nelson Richard's income and leaves him with insufficient means to support himself.
*163 An award of final periodic spousal support is authorized by Article 111 of the Louisiana Civil Code, which provides that during a divorce proceeding or thereafter, the court may award interim or final periodic spousal support to a party free from fault based upon the needs of that party and the other party's ability to pay. La. C.C. art. 112 governs the determination of final periodic spousal support. It provides:
A. The court must consider all relevant factors in determining the entitlement, amount, and duration of final support. Those factors may include:
(1) The needs of the parties.
(2) The income and means of the parties, including the liquidity of such means.
(3) The financial obligations of the parties
(4) The earning capacity of the parties.
(5) The effect of custody of children upon a party's earning capacity.
(6) The time necessary for the claimant to acquire appropriate education, training, or employment.
(7) The health and age of the parties.
(8) The duration of the marriage.
(9) The tax consequences to either or both parties.
B. The sum awarded under this Article shall not exceed one-third of the obligor's net income.
The trial court based its award of $800.00 per month (which was to terminate on May 31, 2005, when Kim Richard expected to finish school) on Kim's having expenses of $1,779.00 per month and a monthly income of $979.00. The court stated that it considered the expenses Kim had listed on her statement and discounted them by one-fourth to reflect those attributable to Kim's daughter from a prior marriage, who was living with Kim and the two Richard children. To determine Kim's net income, the court combined the $400.00 Kim was receiving from Nelson in interim child support with the $579.00 Kim was receiving from Social Security on account of her son's learning disability.
Nelson Richard first argues the trial court erred by failing to find that Kim has the ability to pay for her needs by working. However, we find no error in the trial court's allowing Kim time to finish school, which is a permissible consideration under Article 112. Considering that the spousal support was to terminate three months from the time of trial, when Kim was scheduled to graduate, we do not find it to be manifestly erroneous for the court to allow her to complete her training without having to work full time outside the home. Nevertheless, we do find manifest error in the trial court's failure to consider Kim's testimony that she could still earn approximately $45.00 to $50.00 per week styling hair at home. We therefore find that the amount the trial court determined to be Kim Richard's income ($979.00 per month) must be increased by $200.00 per month. Accordingly, we find Kim's income for purposes of determining spousal support to be $1,179.00 per month ($400.00 she receives in child support, plus $579.00 supplemental security for her son, plus $200.00 earning capacity).[1]
Regarding Kim's expenses, appellant argues the trial court erred by improperly *164 including certain expenses related to the children and also an $88.00 per month expense for storage of the equipment Kim had used in her former beauty salon, which she closed in 2002. Nelson Richard contends that although the trial court discounted the expenses Kim had listed for food, household supplies, utilities, laundry, and personal grooming by one-fourth to represent the share of Kim's eldest daughter (from a prior relationship) who lives with Kim, the trial court improperly included all of the rent and all of the car insurance as expenses. Nelson Richard also argues that the expense categories discounted by one-fourth should have been discounted further to exclude any expenses related to his own children. Finally, he argues that the storage expense is a business expense that should not have been included as part of Kim's living expenses.
We find no manifest error in the trial court's determination of Kim Richard's expenses. First, as the amount Kim receives in child support is included in the calculation of her income, we do not consider it error to include in her expenses those of which some proportion may be attributable to the two children of her marriage to Nelson, as Kim is the domiciliary parent. Even so, the trial court explained on the record that the amounts Kim had listed for clothing and medical/dental care were discounted by more than one-fourth because the child support was intended to take care of those needs for the two children. With regard to the rent, the trial court considered that Kim left the marriage with no housing benefit because the house she and Nelson had lived in was actually owned not by them, but by Nelson's mother. There is also no evidence on the record to prove that Kim's eldest daughter benefits from the car insurance.
Considering all relevant factors, the trial court's failure to discount the $600.00 rent by one-fourth to reflect the portion attributable to Kim's eldest daughter is more than offset by the court's substantial discounting of the clothing and medical/dental expenses, which we find was not necessary. Because Kim is the domiciliary parent, her maintenance includes whatever she needs to provide for herself and her children.
Finally, regarding the storage expense, we find the trial court properly included it as part of Kim's maintenance. The beauty salon equipment was previously determined to be community property, which Kim was admonished by the court not to sell. Therefore the storage expense is a community obligation Kim is required to pay, and was properly included as part of her maintenance.
In summary, we conclude that Kim Richard's income for purposes of determining spousal support is $1,179.00 per month, and the amount she needs for her maintenance is $1,779.00 per month. Accordingly, we reduce the amount of spousal support awarded by the trial court from $800.00 per month to $600.00 per month.
Nelson Richard's final assignment of error with regard to spousal support, that the amount awarded by the trial court exceeds one-third of his monthly income in violation of La. C.C. art. 112, is mooted by this court's reduction in the award. As $600.00 does not exceed Nelson Richard's monthly income of $2,212.00 ($1,667.00 earning capacity as determined by the trial court, plus $545.00 he receives in supplemental security income, according to documentary evidence in the record)[2], we reject this assignment of error.

*165 III. Attorney Fees
Nelson Richard argues the trial court's award of $1,250.00 in attorney fees to Kim Richard is not supported by the law. Kim Richard does not address this issue in her brief on appeal.
Attorney fees are not recoverable unless authorized by statute or contract. Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756 (La.1985). No such authorization exists in this case. While attorney fees are mandated in an action to recover past-due child support (La. R.S. 9:375), the instant case does not involve past-due child support. This hearing was instituted by Kim Richard's motion for permanent spousal support and permanent child support, which contains no request for attorney fees. We therefore reverse the award of attorney fees.

CONCLUSION
For the reasons stated, we reduce the award of child support to $400.00 per month; we reduce the award of final periodic spousal support to $600.00 per month from the date of demand until May 31, 2005; and we reverse the award of attorney fees. In all other respects, the judgment of the trial court is affirmed. Nelson Richard is ordered to pay to Kim Richard child support and final periodic spousal support, with credit for child support and spousal support already paid, as specified herein.
REVERSED IN PART, AMENDED IN PART, AND AFFIRMED AS AMENDED.
NOTES
[1] Unlike in the determination of child support, there is no statutory prohibition against including child support received or supplemental security benefits when determining income for purposes of spousal support. The stipulation in La. C.C. art. 112 that the court should consider "all relevant factors" indicates that all sources of income of each party should be considered.
[2] See footnote 1 supra.